THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. DELEGANS,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, *Commissioner of Social Security*,<br><br>    Defendant. | CASE NO. C12-0145-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 6), the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (Dkt. No. 23), Plaintiff's objections (Dkt. No. 24), Defendant's response (Dkt. No. 25), and the remaining record, hereby ADOPTS the Report and Recommendation and DISMISSES Plaintiff's complaint with prejudice.

**I. BACKGROUND**

Plaintiff's applications for disability insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing on September 8, 2010, the administrative law judge ("ALJ") found Plaintiff not disabled and denied benefits. (Dkt. No. 23 at 2.) The Appeals Council thereafter denied Plaintiff's request for review. (*Id.*)

Plaintiff sought review of the Commissioner's decision in this Court. In a report submitted to the undersigned, Magistrate Judge Tsuchida recommends affirming the decision of the ALJ. Plaintiff timely submitted objections to Judge Tsuchida's Report and Recommendation.

## II.     DISCUSSION

The Court must make a *de novo* determination of those portions of a magistrate judge's report or recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). Here, Plaintiff primarily reiterates in his objections the arguments made to Judge Tsuchida. Specifically, Plaintiff argues that contrary to Judge Tsuchida's conclusions, the ALJ: (1) improperly evaluated the medical evidence, his own testimony, and whether his impairments equaled Listing 12.04C; (2) improperly assessed his residual functional capacity ("RFC"); and (3) improperly excluded some of his limitations when considering other jobs. (Dkt. No. 24.)

A court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Fife v. Heckler,* 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Carr v. Sullivan,* 772 F.Supp. 522, 524–25 (E.D. Wash.1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984).

### A.     Medical Evidence

Plaintiff first objects to Judge Tsuchida's conclusion that the ALJ's evaluation of the medical evidence was supported by substantial evidence and that any alleged error was harmless. (Dkt. No. 24 at 2-3.) For the reasons below, the Court disagrees with Plaintiff's interpretation of the evidence.

### 1. Hospital Records

With regard to Plaintiff's 2007 hospitalization, Plaintiff argues that Judge Tsuchida was wrong to conclude that the ALJ's failure to mention Plaintiff's respiratory failure and obtain the 2007 Harborview medical records was harmless. Instead, Plaintiff asserts that his respiratory failure in 2007 was "indeed significant, probative evidence" that the ALJ was required to discuss because it "almost killed" him. (Dkt. No. 24 at 3-5.) Plaintiff provides nothing more, however, than such conclusory assertions to support his argument. Upon review of the record, the Court agrees with Judge Tsuchida's recommendation on this issue.

With regard to the 2007 Harborview medical records, Plaintiff never seriously addresses Judge Tsuchida's conclusion that the ALJ did, in fact, review pertinent records from the 2007 hospitalization. (Dkt. No. 23 at 4.) As Judge Tsuchida explained, the records reviewed by the ALJ contained detailed documentation of Mr. Delegans's December 2007 emergency room visits, including his admission and treatment for respiratory failure and other serious ailments. (Dkt. No. 23 at 4 (citing AR 256-67 (Ex. 1F).) Further, as Judge Tsuchida explained, "[e]ven if one accepts that the ALJ should have discussed the December 2007 to March 2008 ulcerative colitis flare-ups more thoroughly, doing so provides no additional evidence about the intensity, persistence, or limiting effects of the flare-ups after Mr. Delegans began receiving regular treatment and medications for the condition." (Dkt. No. 23 at 4.) The Court agrees with this analysis. Accordingly, in light of the above and upon review of the record, the Court finds that Plaintiff's objections fail to demonstrate any error in Judge Tsuchida's conclusion.

### 2. Carolyn Halley, M.D.

Plaintiff next objects to Judge Tsuchida's conclusion that the ALJ provided specific and legitimate reasons for giving little weight to Dr. Halley's statements regarding the intensity, persistence, and limiting effects of Mr. Delegan's ulcerative colitis. (Dkt. No. 24 at 5.) To support his objection, Plaintiff asserts in a conclusory fashion that "there is no evidence that Dr. Halley based her opinion primarily on Delegans's self-reports, as opposed to basing her opinion

on several years of clinical findings." (Dkt. No. 24 at 5.) The Court disagrees. As Judge Tsuchida explained, a treating doctor's opinion, where contradicted, may be rejected for "specific and legitimate reasons." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); (Dkt. No. 23 at 6.) As the ALJ noted, Dr. Halley's opinion was contradicted by the opinion of specialist and treating physician Dr. Kevin Leung, M.D., who noted that Mr. Delegans's ulcerative colitis was, at the time, "in remission" and "well-controlled" on medications. (AR 31; 471-72.) Additionally, the ALJ noted that Dr. Leung's May 2010 colonoscopy and examination, as well as his June 2010 follow-up examination (AR 471-76) contradicted Dr. Halley's May 2010 opinion that Mr. Delegans's ulcerative colitis was never in true remission or that he suffered ongoing nausea and diarrhea. (AR 31, 451-52, 454.) Plaintiff does not discuss these findings or the applicable law in his objections. Accordingly, the Court agrees with Judge Tsuchida's conclusion that "the ALJ properly gave greater weight to [] Dr. Leung's opinion and inferred that Dr. Halley had relied upon Mr. Delegans's unreliable self-reporting." (Dkt. No. 23 at 8.)

Plaintiff also objects to Judge Tsuchida's conclusion that the ALJ gave "specific and legitimate" reasons for giving little weight to Dr. Halley's statements regarding Mr. Delegans's mental limitations on his ability to work, particularly with others. (Dkt. No. 24, at 6.) Instead, Plaintiff asserts that the ALJ's failure to give controlling weight or "at least proper deference to Dr. Halley's opinion" about Plaintiff's mental limitations is legal error requiring reversal. The Court disagrees.

As the record and Judge Tsuchida's discussion make clear, the ALJ rejected Dr. Halley's opinion because it was inconsistent with the record—primarily, the opinion of Dr. Shawn Kenderline, Mr. Delegans's examining psychologist, as well as Plaintiff's own self-reports and testimony. (AR 32, 65-66, 210, 444.) Plaintiff asserts, again in a conclusory fashion, that "Dr. Halley's opinion is consistent with the opinions of every treating and examining physician, including Dr. Kenderline and Dr. Widlan," and that accordingly, the ALJ's proffered reasons are insufficient because they are neither "convincing nor legitimate." (Dkt. No. 24 at 6.) Plaintiff

ORDER
PAGE - 4

goes on to argue that "[b]ecause Dr. Halley's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, the ALJ was required to give controlling weight to her opinion." (Dkt. No. 24 at 7) (citing *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).)  However, Plaintiff cites but one example as to the consistency between such physicians, and does not seriously address the specific inconsistencies noted by the ALJ and Judge Tsuchida. (Dkt. No. 23 at 8.) With regard to the inconsistency between Dr. Halley's and Dr. Kenderline's opinions, for example, Plaintiff merely offers a different interpretation, stating that "this says little about Delegans's ability to work with others since his alleged disability onset date[.]" (Dkt. No. 24 at 6.) Upon review, the Court finds that the ALJ's interpretation was not inaccurate. Accordingly, because the Court agrees with Judge Tsuchida's reasoning that the mere possibility of drawing two inconsistent conclusions from the evidence "does not prevent an administrative agency's finding from being supported by substantial evidence," the Court rejects Plaintiff's arguments. (Dkt. No. 23 at 8.)

### 3. Shawn K. Kenderline, Ph.D.

Plaintiff next argues that Judge Tsuchida erroneously concluded that the ALJ could reject Dr. Kenderline's opinion because Dr. Kenderline, as a psychologist, was not qualified to assess the effect of Plaintiff's physical limitations. Specifically, Plaintiff asserts that Dr. Kenderline *was* qualified to assess the effect of his "pain disorder" on his ability to work, and explains that "[t]he functional effects of Delegans's pain disorder is fully within Dr. Kenderline's expertise." (Dkt. No. 24, at 8.) Be that as it may, Plaintiff never points out how Judge Tsuchida's conclusion is wrong. As Judge Tsuchida explained, Dr. Kenderline's opinion was based on the fact that Plaintiff's tolerance for stress was severely compromised by the symptoms of his ongoing and severe ulcerative colitis. (Dkt. No. 23 at 9 (citing AR 428, 448.)) The ALJ noted that Dr. Kenderline did not separate the impact of Plaintiff's social versus physical limitations and that Dr. Kenderline was not qualified to assess Mr. Delegans's physical limitations—*i.e.*, those of his

ulcerative colitis. (AR 31.) Thus, even assuming Plaintiff is correct that Dr. Kenderline is qualified to address the effect of his somatic "pain disorder," he nonetheless fails to dispute that Dr. Kenderline was not qualified to opine on the effects of his physical limitations. Accordingly, Plaintiff's objection does not persuade the Court that the ALJ's decision was erroneous or that on the whole, her decision was based on less than substantial evidence.

### 4.     David Widlan, Ph.D.

Plaintiff next argues that Judge Tsuchida erroneously concluded that the ALJ provided clear and convincing reasons for giving little weight to Dr. Widlan's assessment that Plaintiff was "markedly limited" with respect to all social factors. (Dkt. No. 24 at 9.) Plaintiff's sole contention is the conclusory assertion, without citation to the record, that "[i]n fact, Dr. Widlan's opinion is almost entirely consistent with the evidence of record, including the opinions of Dr. Halley and Dr. Kenderline." (*Id.*) In the absence of an objection that points to specific error in the Magistrate Judge's reasoning or conclusion, the Court declines to accept Plaintiff's unsupported assertions. Further, upon review, the Court agrees with Judge Tsuchida's conclusion regarding the ALJ's reasons for giving only little weight to Dr. Widlan's opinion.

### 5.     Kevin Leung, M.D.

Plaintiff next objects to Judge Tsuchida's conclusion that the ALJ properly discounted the August 2010 opinion of Dr. Leung regarding Plaintiff's need for unscheduled restroom breaks; that he had to lie down or rest at unpredictable intervals; that he could lift and carry only up to 10 pounds occasionally and less than 10 pounds frequently; and that he would miss two to three workdays per month. (Dkt. No. 24 at 9.) Specifically, Plaintiff argues that the ALJ's failure to address his lift/carry limitations was error, and that the Magistrate Judge provided an improper *post-hoc* rationalization for that failure. Plaintiff also points to Dr. Leung's statements that Plaintiff's condition caused "abdominal discomfort" and "intermittent abdominal pain," and argues that such symptoms "can reasonably be expected to limit Delegans's ability to lift and carry." (Dkt. No. 24 at 9.)

ORDER
PAGE - 6

The Court finds Plaintiff's argument unpersuasive. First, notwithstanding Plaintiff's assertions, the ALJ did explain that Dr. Leung's August 2010 opinion as a whole was not supported by the medical record. (AR 31.) This was sufficient. Additionally, as Judge Tsuchida pointed out, the ALJ gave controlling weight to a state agency medical consultant's opinion that Mr. Delegans could occasionally lift 50 pounds and frequently lift 25 pounds—a conclusion that the ALJ noted was consistent with the Plaintiff's medical records. (Dkt. No. 23 at 11; AR 32.) In light of the above, which Plaintiff chose not to address in his objections, the Court finds that Plaintiff has not demonstrated that the ALJ's decision was based on less than substantial evidence, which he must do to in order for this Court to reverse the Commissioner's decision. The facts discussed above were sufficient to support the ALJ's decision.

### 6.   Sheila Bartlett, MA, MHP

Plaintiff next objects to Judge Tsuchida's conclusion that the ALJ did not err in failing to mention Ms. Bartlett's testimony that Plaintiff's GAF score was 35. (Dkt. No. 24 at 9-10.) Plaintiff's only argument on this point is that "the significance of this evidence is that Ms. Bartlett is yet one more medical source whose opinion was consistent with the opinions of Dr. Halley, Dr. Kenderline, and Dr. Widlan." (Dkt. No. 24 at 10.) The Court agrees with Judge Tsuchida's resolution of this contention; as he explained, several psychologists opined a GAF score between 41 and 55, which "*supported* the ALJ's decision to find severe mental impairments." (Dkt. No. 23 at 12-13.) In light of such opinions from "acceptable" medical sources, the Court finds that now, as then, Mr. Delegans has failed to explain in a non-conclusory manner how a GAF score from an "other" medical source undermined the ALJ's analysis.

### 7.   Connie F. Godjikian, ARNP

Plaintiff finally objects to Judge Tsuchida's conclusion that the ALJ appropriately rejected Ms. Godjikian's October 2008 opinion. (Dkt. No. 24 at 10.) However, his only argument is that "the Magistrate Judge does not address Delegans's argument that Ms. Godjikian's opinion is fully consistent with the other *contemporaneous* medical evidence." (Dkt. No. 24 at 10)

(emphasis in original.) Such an argument is unavailing. As Judge Tsuchida pointed out, an ALJ may discount testimony from "other" sources, such as Nurse Godjikian, if the ALJ provides reasons germane to each witness for doing so. (Dkt. No. 23 at 14 (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).) Judge Tsuchida concluded, and this Court agrees, that the ALJ did provide such reasons when she found that Nurse Godjikian's conclusions were inconsistent with the medical evidence in the record. (Dkt. No. 23 at 14; AR 31.) Plaintiff makes no attempt to argue that the ALJ ultimately failed to provide germane reasons for rejecting Nurse Godjikian's opinion. Accordingly, his objection is overruled.

### 8. Mr. Delegans's Testimony

Plaintiff also objects to Judge Tsuchida's conclusion that the ALJ did not err in finding him less than credible concerning the intensity, persistence, and limiting effects of his severe impairments. (Dkt. No. 24 at 10-11.) Plaintiff's argument relies in large part on the argument that the ALJ improperly evaluated the medical evidence. (*Id.*) However, because the Court disagrees, as explained above, Plaintiff's argument is unavailing.

Second, Plaintiff argues that the Judge Tsuchida erred in accepting the ALJ's finding that Delegans made several inconsistent statements, "which undermine[d] his credibility with regard to the severity of his ulcerative colitis-related symptoms." (Dkt. No. 24 at 11.) Plaintiff does not dispute that he made inconsistent statements, but merely argues that Judge Tsuchida did not address his argument that the ALJ failed to "acknowledge the intermittent nature of ulcerative colitis, nor did the ALJ acknowledge that Delegans's ulcerative colitis was under poor control between December 2007 and July 2009." (Dkt. No. 24 at 11.) Upon review, the Court finds Plaintiff's contentions unpersuasive. Judge Tsuchida discussed the ALJ's findings in detail and concluded that Plaintiff's inconsistent statements warranted the ALJ's finding that he was not credible. Because Plaintiff has not seriously pointed to any reason why his inconsistencies should be ignored, the Court agrees with Judge Tsuchida's conclusion.

Mr. Delegans also objects to Judge Tsuchida's conclusion regarding the improvement of

his medical condition. Specifically, Plaintiff asserts that substantial evidence does not support the conclusion that his mental condition had improved because "the fact that Delegans would like to work is not a convincing reason to reject any of his testimony, nor does it prove that he experienced significant improvement in his mental functioning." (Dkt. No. 24 at 11.) However, Plaintiff reads Judge Tsuchida's statement out of context. What Judge Tsuchida pointed out was not that Mr. Delegans's desire to work conclusively established his significant improvement, but only that "[t]he ALJ also properly noted that Mr. Delegans's admitted desire to work merely reflected that, while his mental impairments were *unquestionably severe*, his mental condition had improved *to a point where he thought that he could work*." (Dkt. No. 23 at 16.) This Court agrees that such a qualified observation was not inappropriate.

At any rate, even if this reason alone would be an insufficient reason to reject Mr. Delegans's testimony, as Plaintiff argues, the ALJ relied upon additional evidence in finding that Mr. Delegans was not credible and thus provided "clear and convincing" reasons for rejecting his testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); (Dkt. No. 23 at 15-16 (noting that ALJ found Plaintiff not credible because his testimony was inconsistent with the medical evidence and because his own testimony contained numerous inconsistencies). Accordingly, the Court is satisfied that the ALJ's finding that Plaintiff was not credible was appropriate. Plaintiff's narrow arguments regarding his own credibility do not demonstrate that the ALJ's ultimate finding was based on less than substantial evidence.

### 9. Listing 12.04C

Next, Plaintiff asserts that Judge Tsuchida mischaracterized his argument regarding whether he demonstrated that his impairments were medically equal to the "*second* criteria [*sic*] in Listing 12.04C[.]" (Dkt. No. 24 at 11-12) (emphasis in original.) Plaintiff asserts that Judge Tsuchida stated that "Delegans argues that he demonstrated all three of [the] criteria listed in paragraph C[.]" (Dkt. No. 24, at 11-12.) However, Plaintiff goes no further than pointing out this alleged inconsistency; he does not object to the ALJ's conclusion that the record did not support

ORDER
PAGE - 9

any of the paragraph C elements—a conclusion with which Judge Tsuchida agreed. (Dkt. No. 23 at 18.) Accordingly, Plaintiff has provided no reason not to adopt Judge Tsuchida's Report and Recommendation regarding Listing 12.04C.

### B. Residual Functional Capacity ("RFC")

Lastly, Plaintiff merely requests that this Court find that the ALJ erred by not including in her RFC assessment all of the limitations described by Dr. Halley, Dr. Kenderline, Dr. Widlan, Dr. Leung, Ms. White, Ms. Bartlett, and Ms. Godjikian, as well as Plaintiff's own self-described limitations. (Dkt. No. 24 at 12.) Because this argument is wholly dependent on Plaintiff's contentions that the ALJ erroneously discounted the opinions of these individuals—contentions that this Court finds were properly rejected—Plaintiff's RFC argument necessarily fails.

### C. Step Five

Lastly, Plaintiff requests—in one sentence—that this Court "hold that the ALJ erred by relying on vocational testimony made in response to a hypothetical that did not include all of Delegans's limitations." (Dkt. No. 24 at 12.) The Court rejects this objection first because it does not point to specific error in Judge Tsuchida's decision, and second, because it is premised upon his previous arguments about the medical and testimonial evidence. Accordingly, Plaintiff's objection is not a proper objection, and even if it were construed as such, it would necessarily fail in light of the conclusions above.

//
//
//
//
//
//
//
//

ORDER
PAGE - 10

## III. CONCLUSION

The Court concludes that the record as a whole contains substantial evidence that supports the Commissioner's decision. For the foregoing reasons, the Court hereby ORDERS:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 23);

(2) The final decision of the Commissioner is AFFIRMED, and this case is DISMISSED with prejudice; and

(3) The Clerk is respectfully directed to send copies of this order to the parties and to Judge Tsuchida.

DATED this 10th day of January 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE